IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **ALLIANCE LAUNDRY SYSTEMS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  3:20cv950 |
| | ) | |
| **ELIAS LAUNDROMAT, INC.,** | ) | |
| 3717 E. Broad Rock Rd. | ) | |
| Richmond, VA 23224 | ) | |
| | ) | |
| Serve: Clerk of the State Corporation | ) | |
|        Commission | ) | |
|        P.O. Box 1197 | ) | |
|        Richmond, Virginia 23218-1197 | ) | |
| | ) | |
| **WESIM ALSAIDI,** | ) | |
| 9601 Broad Meadows Road | ) | |
| Henrico, VA 23060 | ) | |
| | ) | |
| Serve: Secretary of the Commonwealth | ) | |
|        Service of Process Department | ) | |
|        Post Office Box 2452 | ) | |
|        Richmond, Virginia 23218-2452 | ) | |
| | ) | |
| **AHMED ALABOOD** | ) | |
| 3124 E. Broad Rock Blvd. | ) | |
| Richmond, VA, 23224 | ) | |
| | ) | |
| Serve: Secretary of the Commonwealth | ) | |
|        Service of Process Department | ) | |
|        Post Office Box 2452 | ) | |
|        Richmond, Virginia 23218-2452 | ) | |
| | ) | |
| **ATLANTIS HALL, LLC,** | ) | |
| 3729 E. Broad Rock Rd. | ) | |
| Richmond, VA 23224 | ) | |
| | ) | |
| Serve: Clerk of the State Corporation | ) | |
|        Commission | ) | |
|        P.O. Box 1197 | ) | |
|        Richmond, Virginia 23218-1197 | ) | |

1

```
and                                          )
                                             )
MAYA INVESTMENT, INC.,                       )
Serve: Kane, Jeffries, & Carollo, P.C.,      )
       Registered Agent                      )
       1700 Bayberry Court, Suite 103        )
       Richmond, VA, 23226-3791              )
                                             )
       Defendants.                           )
                                             )
```

## VERIFIED COMPLAINT

Plaintiff Alliance Laundry Systems LLC, for its Verified Complaint against Elias Laundromat Inc., Wesim Alsaidi, Atlantis Hall, LLC, Ahmed Alabood, and Maya Investment, Inc. (collectively, the "Defendants"), hereby alleges as follows:

### Nature of Action

1.  This is an action in detinue and for money damages brought by Alliance Laundry Systems, LLC ("Alliance"). This action arises from Defendants Elias Laundromat, Inc. and Wesim Alsaidi's breach of their obligations under a promissory note, personal guaranty, and security agreement given to finance the purchase of certain laundry equipment and improvements to related premises for the operation of a laundromat. This is also an action for fraudulent conveyance, tortious interference with contract, and statutory business conspiracy resulting from willful actions of Defendants Atlantis Hall, LLC, Ahmed Alabood, and Maya Investment, Inc. to prevent Alliance from exercising its right to take possession of the laundry equipment pursuant to the terms of its security agreement.

### Parties

2.  Alliance is a limited liability company organized under the laws of the State of Delaware, maintaining offices and its principal place of business at 221 Shepard Street, Ripon,

Wisconsin 54971.  None of the members of Alliance are citizens of, organized under the laws of, or otherwise maintain a principal place of business in the Commonwealth of Virginia.

3. Defendant Elias Laundromat Inc. ("Elias") is a Virginia corporation, with a principal place of business at 3717 E Broad Rock Rd, Richmond, VA, 23224.

4. Upon information and belief, Defendant Wesim Alsaidi ("Alsaidi") was an adult resident of the Commonwealth of Virginia.  Upon information and belief, Alsaidi currently resides in the Country of Egypt.

5. Defendant Atlantis Hall, LLC ("Atlantis Hall") is a Virginia limited liability company, with a principal place of business at 3729 Broad Rock Rd, Richmond, VA, 23224.  Upon information and belief, none of the members of Atlantis Hall are citizens of, organized under the laws of, or otherwise maintain a principal place of business in either Delaware of Wisconsin.

6. Upon information and belief, Defendant Ahmed Alabood ("Alabood") is an adult resident of the Commonwealth of Virginia.  Alabood and Alsaidi are father and son.

7. Maya Investment, Inc. ("Maya") is Virginia corporation, with a principal place of business at 3124 Broad Rock Blvd, Richmond, VA 23224.

**Jurisdiction and Venue**

8. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the matter in controversy exceeds the sum of $75,000.00, inclusive of interest and cost of collection.

9. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because Defendants have maintained principal business locations and/or resided within the territorial confines of the Richmond Division of the United States District Court for the Eastern District of Virginia.

Venue is also proper because a substantial part of the events giving rise to Alliance's claims occurred in the Eastern District of Virginia.

**Factual Background**

10. Alabood is a successful Richmond area businessman. Alabood organized Elias for the benefit of his son, Alsaidi. On information and belief, Elias is solely owned and/or controlled by Alsaidi.

11. Elias executed a Promissory Note in favor of Alliance dated as of May 9, 2017, in the original stated principal amount of $257,300.00 (the "Original Note"), to finance the purchase of certain laundry equipment (the "Equipment"). A true and correct copy of the Original Note is attached hereto as **Exhibit A** and is incorporated herein by reference.

12. Elias executed a Promissory Note in favor of Alliance dated as of November 15, 2019 in the amount of $270,784.31 to refinance the obligations under the Original Note (the "Note", and together with the Original Note, the "Notes"). A true and correct copy of the Note is attached hereto as **Exhibit B** and is incorporated herein by reference.

13. To secure the indebtedness evidenced by the Original Note, Alliance and Elias entered into the Security Agreement dated as of May 15, 2017 (the "Original Security Agreement"). A true and correct copy of the Original Security Agreement is attached hereto as **Exhibit C** and is incorporated herein by reference.

14. To secure the indebtedness evidenced by the Note, Alliance and Elias entered into the Security Agreement dated as of November 15, 2019 (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit D** and is incorporated herein by reference.

15. On May 15, 2017, Alsaidi executed that certain Personal Guaranty guaranteeing the obligation under the Original Note (the "Original Guaranty"). A true and correct copy of the Original Guaranty is attached hereto as **Exhibit E** and is incorporated herein by reference.

16. On November 16, 2019, Alsaidi executed that certain Personal Guaranty guaranteeing the obligation under the Note (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit F** and is incorporated herein by reference.

17. On May 23, 2017, Alliance caused to be filed in the Clerk's Office of the Virginia State Corporation Commission a UCC1 financing statement (the "Financing Statement") that identified the Equipment, including all proceeds of the Equipment, as Alliance's collateral. A true and correct copy of the Financing Statement is attached hereto as **Exhibit G** and is incorporated herein by reference.

18. Pursuant to the terms of the Note, Elias was required to make monthly principal and interest payments to Alliance. Failure to make payment when due constitutes an event of default under the Note.

19. The Note further provides that upon default, Alliance may declare the entire unpaid principal balance under the Note and all accrued unpaid interest immediately due and payable and collect all amounts owing from Elias.

### Count I – Breach of Contract (Elias and Alsaidi)

20. Alliance hereby incorporates and restates the allegations in paragraphs 1-19 as if set forth fully herein.

21. Elias failed to make payments as required under the terms of the Note. Elias' failure to make payment when due constitutes a default under the terms of the Note.

22.     Pursuant to the Note, Elias agreed to pay all of Alliance's costs of enforcement and collection, including Alliance's reasonable attorneys' fees of at least 20% of the remaining principal balance and actual costs.

23.     Alliance has made several demands upon Elias and Alsaidi for payments due under the terms of the Note and Personal Guaranty (the "Indebtedness").

24.     To date, and despite demand from Alliance, Elias and Alsaidi have failed to repay the Indebtedness, which, together with all outstanding principal, interest, and fees due to Alliance, amounts to $267,299.83 as of December 4, 2020.  Upon information and belief, Alsaidi has fled the country and is now residing in Egypt.

25.     As a result of Elias and Alsaidi's breach of contract, Alliance has been damaged in the amount of $267,299.83, with interest continuing to accrue at the parties' contracted interest rates, plus ongoing attorney's fees and other collection expenses.

## Count II – Detinue (Elias and Maya)

26.     Alliance hereby incorporates and restates the allegations in paragraphs 1-25 as if set forth fully herein.

27.     Pursuant to the Security Agreement and the Financing Statement, Alliance has a duly perfected first-priority security interest in the Equipment.  Additionally, pursuant to the Note and Security Agreement, Elias is liable for all costs of repossession, storing, shipping, repairing and selling the Equipment.

28.     Pursuant to the terms of the Note and Security Agreement, Alliance financed the acquisition of the Equipment, which was used in the operation of a laundromat located at 3717 E Broad Rock Rd, Richmond, Virginia 23224 (the "Premises"), as well as construction of improvements to the Premises to house the laundromat.

29. In May 2017 when Alliance and Elias entered into the Note and Security Agreement, Atlantis Hall owned the Premises. Atlantis Hall leased the Premises to Elias. Atlantis Hall is owned and/or controlled by Alabood.

30. Alliance performed all conditions, covenants, and promises required of it in accordance with the terms and conditions of the Security Agreement.

31. Pursuant to the Note and Security Agreement, the failure of Elias to make any payment when due under the Note constitutes an Event of Default under the Security Agreement.

32. Alliance made several demands upon Elias for payment under the Note; however, Elias failed to cure the default.

33. The Security Agreement and the Virginia Code grant Alliance an immediate possessory interest in the Equipment following Elias' default. *See* Va. Code § 8.9A-609(a) (providing that "[a]fter default, a secured party … may take possession of the collateral").

34. Upon information and belief, Elias, which is controlled by Alsaidi, abandoned the Premises and the Equipment in the summer of 2020 to Atlantis Hall, which is controlled by Alsaidi's father, Alabood.

35. Elias abandoned the Equipment and the Premises to Atlantis Hall while owing Atlantis Hall approximately $300,000 in rent.

36. Atlantis Hall subsequently sold the Premises, with the Equipment still located therein, to Maya on or about August 31, 2020. Maya is also owned and/or controlled by Alabood.

37. Maya now possesses the Equipment without Alliance's consent.

38. Alliance has made several demands upon Maya for return of the Equipment.

7

39.     Despite Alliance's demands, Maya has neither returned the Equipment, nor provided an opportunity for Alliance to repossess the Equipment.

40.     For the aforementioned reasons, Maya is detaining the Equipment wrongfully and without legal basis.

41.     The Equipment is not believed to have been taken for a tax, assessment, or fine or seized under any execution or attachment against the property.

42.     The transfer of possession of the Equipment from Elias to Atlantis Hall to Maya constitutes conversion.  This conversion violated Alliance's rights under the Security Agreement, and it operated to delay, hinder, or defraud Alliance in enforcing its security interest in the Equipment.

43.     This is an urgent situation that requires the Court's pretrial intervention because Alliance continues to incur damages by Maya's wrongful detention of the Equipment due to the ongoing depreciation of the Equipment and Alliance's inability to lease or sell the Equipment to other individuals or entities.

44.     The Equipment wrongfully withheld by Maya is currently on the Premises.  It is identifiable by the Schedule B to the Security Agreement.  The Equipment has an estimated fair market value of $268,000.00.

## Count III – Breach of Contract (Atlantis Hall)

45.     Alliance hereby incorporates and restates the allegations in paragraphs 1-44 as if set forth fully herein.

46.     Atlantis Hall and Elias are parties to that certain Commercial Lease dated as of June 1, 2016, (the "Lease"), pursuant to which Atlantis Hall leased the Premises to Elias for a

term of nine (9) years, ending on June 1, 2026 (the "Lease Term").  A true and correct copy of the Lease is attached hereto as **Exhibit H** and is incorporated herein by reference.

47. On June 1, 2017, Elias, Atlantis Hall and Alliance entered into that certain Agreement to Assign Lease and Landlord's Consent (the "Agreement to Assign") pursuant to which Atlantis Hall acknowledged Alliance's secured position in the Equipment and authorized Alliance to enter upon the Premises to remove the Equipment and/or assign the remaining Lease Term.  A true and correct copy of the Agreement to Assign is attached hereto as **Exhibit I** and is incorporated herein by this reference.

48. The Agreement to Assign further required that Atlantis Hall give notice of Alliance by certified mail in the event of any breaches under the agreements.

49. Upon information and belief, Elias abandoned the Premises in the summer of 2020.

50. Atlantis Hall subsequently sold the Premises, with the Equipment still located therein, to Maya.

51. Atlantis Hall breached the Agreement to Assign by failing to give notice to Alliance of Elias' actions.

52. Atlantis Hall has not permitted Alliance to enter the Premises nor paid Alliance the outstanding balance on the Note.

53. Alliance has been unable to enter the Premises to recover the Equipment and mitigate its damages.

54. As a result of the foregoing, Alliance has been damaged in the outstanding amount due under the Note and Security Agreement, or $267,299.83.

## Count IV – Conversion (Atlantis Hall and Maya)

55. Alliance hereby incorporates and restates the allegations in paragraphs 1-54 as if set forth fully herein.

56. Alliance has made several demands upon Atlantis Hall and Maya that the Equipment be returned.

57. Despite Alliance's demands that the Equipment be returned, neither Atlantis Hall nor Maya have returned the Equipment or provided an opportunity for Alliance to repossess the Equipment.

58. Alliance has been damaged by the conversion of the Equipment, and demands its immediate return and the outstanding amounts due under the Note and Security Agreement, plus all damages it suffered due to the loss of value and/or misuse of the property, all in an amount to be determined at trial but not less than $268,000.00.

## Count V – Fraudulent Conveyance (Elias, Atlantis Hall, Maya)

59. Alliance hereby incorporates and restates the allegations in paragraphs 1-58 as if set forth fully herein.

60. Elias transferred possession of the Equipment to Atlantis Hall, and Atlantis Hall subsequently transferred possession of the Equipment to Maya, with intent to delay, hinder, or defraud Alliance. Both Atlantis Hall and Maya had notice of the fraudulent intent of its immediate grantor as evidenced by the Financing Statement and the Agreement to Assign.

61. Accordingly, Alliance seeks an order voiding and setting aside these transfers, along with an award of reasonable attorney's fees pursuant to Va. Code § 55.1-403.

## Count VI – Tortious Interference (Atlantis Hall, Alabood, Maya)

62. Alliance hereby incorporates and restates the allegations in paragraphs 1-61 as if set forth fully herein.

63. As of the summer of 2020, Alliance had a valid contractual relationship with Elias. Alliance also had valid business expectancy of recourse against the Equipment due to the defaults Elias and/or Alsaidi.

64. As of the summer of 2020, Atlantis Hall, Alabood, and Maya were each aware of Alliance's contractual relationship with Elias and/or Alsaidi, including its business expectancy of recourse against the Equipment.

65. Despite this knowledge, Atlantis Hall, Alabood, and Maya intentionally interfered with Alliance's contractual relationship with Elias and/or Alsaidi, including Alliance's business expectancy of recourse against the Equipment. Atlantis Hall and Maya have taken possession of and refused to return the Equipment. Alabood, as common owner of Atlantis Hall and Maya and the father of Alsaidi, orchestrated these events.

66. Since August 2020, Alliance has attempted to enforce its rights in the Equipment; however, its ability to do so has been impeded by the combined actions of Atlantis Hall, Alabood, and Maya.

67. As a direct and proximate result of Atlantis Hall, Alabood, and Maya's intentional interference with Alliance's contractual relationship with Elias and/or Alsaidi, including its business expectancy of recourse against the Equipment, Alliance has incurred a minimum of $300,000.00 in damages.

68. Atlantis Hall, Alabood, and Maya's decision to disregard of Alliance's rights was willful and without any legal justification. Accordingly, an award of $350,000.00 in punitive damages is appropriate.

### Count VII – Business Conspiracy in Violation of Va. Code §§ 18.2-499, -500
### (Atlantis Hall, Alabood, Maya)

69. Alliance hereby incorporates and restates the allegations in paragraphs 1-68 as if set forth fully herein.

70. Atlantis Hall, Alabood, and Maya's tortious interference with Alliance's contractual relationship with Elias and/or Alsaidi, including its business expectancy of recourse against the Equipment, constitutes a predicate "unlawful act" under Virginia's business conspiracy statute. Va. Code §§ 18.2–499 and -500. *See Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 218, 754 S.E.2d 313, 319 (2014).

71. In the summer of 2020, Atlantis Hall, Alabood, and Maya acted together in concert and in willful disregard of Alliance's duly perfected first-priority security interest in the Equipment.

72. Atlantis Hall, Alabood, and Maya acted intentionally, purposely, and without any lawful justification in taking possession of and refusing to return the Equipment, causing Alliance to incur a minimum of $300,000.00 in damages.

73. Atlantis Hall, Alabood, and Maya's willful conduct has resulted in harm to the Alliance's business and impaired its ability to enforce its rights in the Equipment in order to recoup its losses.

74. Atlantis Hall, Alabood, and Maya's conduct evidenced criminal indifference to Alliance's contractual rights and expectations. Accordingly, an award of $350,000 in punitive damages is appropriate.

**WHEREFORE**, Alliance respectfully requests that this Court enter judgment as follows:

(a) In favor of Alliance and against Elias and Alsaidi in at least the amount outstanding under the Note, plus interest and late fees thereafter and Alliance's costs of enforcement and collection, including its reasonable attorneys' fees of at least 20% of the remaining principal balance, pursuant to Elias and Alsaidi's breach of the Note and Guaranty;

(b) In favor of Alliance and against Elias and Maya in detinue for possession of the Equipment, and, upon giving of the bond as required by law, directing the United States Marshal or other proper officer to seize the Equipment from the Premises and deliver same to Alliance;

(c) In favor of Alliance and against Atlantis Hall for the amounts due under the Note and Security Agreement;

(d) In favor of Alliance and against Atlantis Hall and Maya for conversion of the Equipment and awarding all damages suffered by Alliance due to the conversion of the Equipment and loss of value of the Equipment in an amount to be determined at trial;

(e) In favor of Alliance and against Elias, Atlantis Hall, and Maya for fraudulent conveyance and voiding all fraudulent transfers and awarding reasonable attorney's fees pursuant to Va. Code § 55.1-403;

(f) In favor of Alliance and against Atlantis Hall, Alabood, Maya for tortious interference and business conspiracy and awarding all damages suffered by Alliance, but not less than $300,000.00, trebled to $900,000.00 pursuant to Va. Code § 18.2-500(A), plus punitive damages in the amount of $350,000.00;

13

(g) In favor of Alliance and against Elias and Alsaidi for all reasonable attorneys' fees and costs of collections incurred by Alliance to obtain, preserve and enforce the Note, Guaranty, and Security Agreement and collect the amounts due under the agreements; and

(h) For such other relief as this Court deems just and equitable.

Dated: December 11, 2020

Respectfully submitted,

**ALLIANCE LAUNDRY SYSTEMS, LLC**

By: /s/ J.P. McGuire Boyd, Jr.
J.P. McGuire Boyd, Jr. (VSB No. 72753)
Justin S. Feinman (VSB No. 87511)
WILLIAMS MULLEN
P. O. Box 1320
Richmond, Virginia 23218-1320
Telephone: 804.420.6927
Email: mboyd@williamsmullen.com
Email: jfeinman@williamsmullen.com
*Counsel for Alliance Laundry Systems, LLC*

43977238_1.docx

14

# VERIFICATION

STATE OF WISCONSIN

CITY/COUNTY OF __FOND DU LAC__, to-wit:

      BEFORE ME, personally appeared, __MARK BALKE__, who, being duly sworn, duly deposes and says that he is __MANAGER OF OPERATIONS__ of Alliance Laundry Systems LLC, the plaintiff in this matter; that he has read and is familiar with the allegations of the foregoing Complaint; and that to the best of his knowledge, information and belief, such allegations are true and correct, that the relief requested is justly due, and that he is authorized to verify this Complaint and make this Verification.

      The foregoing was sworn and subscribed to before me by __MARK BALKE__, this __10th__ day of __DECEMBER__, who is personally known to me, or has presented _____ as proof of his identity.

                           Notary Public _____

                                        STEVEN D MICHELS

My Commission expires: __5-15-2024__

Registration Number: _____

43977676_1.docx